# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOSHUA FELTS, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:17-cv-01514 |
| ) | Judge Trauger |
| RANDY LEE, Warden, ) | |
| ) | |
|     Respondent. ) | |

## MEMORANDUM AND ORDER

**I.    Introduction**

On December 4, 2017, petitioner Joshua Felts, an inmate at the Northeast Correctional Complex in Mountain City, Tennessee, filed a pro se petition for the writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1.) The court found that the petition stated a colorable claim for habeas relief, and directed the government to respond and to file the complete state court record relevant to the claims of the petition. (Doc. No. 4 at 2.)

On December 20, 2017, the respondent filed a Motion to Dismiss the petition pending the petitioner's exhaustion of state remedies. (Doc. No. 6.) In his supporting memorandum, the respondent cites the docket of the Davidson County criminal court, which reflected an upcoming hearing on the petitioner's state post-conviction petition. (Doc. No. 7 at 2–3.) The respondent notes that, until these state proceedings are concluded, he cannot file the complete state court record. (*Id.* at 3.)

The petitioner does not dispute that he is currently in the process of exhausting his available state remedies with respect to at least one of the claims of the petition before this court. Rather, he responded to the Motion to Dismiss by reasserting the argument first made in his

petition (Doc. No. 1 at 12) and supporting memorandum (*id.* at 19): that his evidentiary hearing in the post-conviction trial court has been continued on numerous occasions over the span of at least two years, resulting in such an unreasonable delay in the state court that his remedies there should be deemed futile and the exhaustion requirement met. (Doc. No. 8 at 1–2.) The respondent did not address this argument in his motion, nor did he file a reply to the petitioner's response.

Accordingly, the court directed a response to this argument, which the respondent filed on August 6, 2018. (Doc. No. 11.) Considering the respondent's showing that the delay in the post-conviction court is not entirely the fault of the state, but is attributable in part to the petitioner's dissatisfaction with his court-appointed counsel and his demands that additional evidence or witnesses be presented at each scheduled post-conviction hearing, the court finds that available state court remedies have not been exhausted, and that the petition must therefore be **DISMISSED** without prejudice to allow for exhaustion of such remedies.

## II. Analysis

It is well established that a petition for federal habeas corpus relief will not be considered unless the petitioner has first exhausted all available state court remedies for each claim presented in his petition. 28 U.S.C. § 2254(b)(1)(A); *In re Bowen*, 436 F.3d 699, 701 (6th Cir. 2006) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982)). "While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Fuller v. Tennessee*, No. 3:09-0394, 2009 WL 2850695, at *3 (M.D. Tenn. Aug. 29, 2009) (citing *Granberry v. Greer,* 481 U.S. 129, 131–34 (1987)). However, the assumption underlying the exhaustion requirement is that available state

remedies will be adequate and effective; when they prove not to be, "the rationale behind exhaustion is undercut and federal courts may take whatever action is required by the situation." *Id.* at *4 (citing *Shelton v. Heard*, 696 F.2d 1127, 1128 (5th Cir. 1983), and 28 U.S.C. § 2254(b)(1)(B)(ii)).

It is agreed here that the petitioner's case in state post-conviction court has not yet proceeded to an evidentiary hearing or decision. However, this lack of exhaustion may be excused if "circumstances exist that render such [remedies] ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). The Sixth Circuit has held that "[i]nordinate delay in adjudicating state court claims can be such a circumstance," and that the state's assertion of failure to exhaust was properly rejected where the "petition for post-conviction relief has languished in state court for more than three years." *Workman v. Tate*, 957 F.2d 1339, 1344 (6th Cir. 1992). The petitioner in the case at bar made a showing that he has had many "status hearings" in his state post-conviction case, but that he "has been scheduled for over two dozen evidentiary hearings over the course of two years and has yet to actually have an evidentiary hearing." (Doc. No. 8 at 1.)

In response to this showing, the respondent notes that a failure to exhaust may be excused due to inordinate delay, but only if such delay is wholly attributable to the state. (Doc. No. 11 at 3 (citing *Fuller*, 2009 WL 2850695, at *4)); *see also Edelbacher v. Calderon*, 160 F.3d 582, 586–87 (9th Cir. 1998) (rejecting argument that extreme delay in state court, regardless of its cause, justified immediate federal review; holding that delay must be attributable to state in order for remedies to be ineffective); *Woods v. Taber*, No. 10-2498-STA-cgc, 2012 WL 1022253, at *12 (W.D. Tenn. Mar. 26, 2012) (noting that § 2254(b)(1)(B)(ii) "is applied only sparingly, and in extraordinary circumstances" where inordinate delay is wholly attributable to state) (citations

omitted). In support of his contention that the delay here is not entirely the fault of the state, the respondent has produced the May 9, 2018 motion to withdraw filed by the petitioner's second post-conviction attorney, Leah Wilson.[1] (Doc. No. 11-1 at 80–81.) After filing an amended post-conviction petition on the petitioner's behalf, Ms. Wilson stated in her motion to withdraw that she "has spent a substantial amount of time on this case including discussions with the client[,]" that she "subpoenaed multiple witnesses at the Petitioner's request but feels that every court date, he has additional evidence or witnesses that he wishes to add," and that on the May 2, 2018 hearing date, after "a reasonable discussion" with the petitioner, "the client did not want to go forward with the hearing and asked for another attorney." (*Id.* at 80.) The state court allowed Ms. Wilson to withdraw and appointed a new attorney for the petitioner on June 6, 2018. (*Id.* at 83.)

The respondent has shown that the delay in holding the post-conviction evidentiary hearing in state court is not wholly attributable to the state, but is in part the result of the petitioner's disagreements with his counsel as to their readiness to proceed with the hearing on the appointed date. These disagreements over witnesses and evidence appear to have contributed to the delay in going forward with an evidentiary hearing, and led counsel to move to withdraw. Petitioner was recently appointed a new post-conviction attorney, who must be allowed time to familiarize himself with the case. The court finds this case distinguishable from cases in which the failures of court-appointed counsel and other delays have been held to render state remedies ineffective or futile. *E.g.*, *Turner v. Bagley*, 401 F.3d 718, 725–26 (6th Cir. 2005) (state court "continually postponed Turner's appeal by allowing four different attorneys to withdraw" without filing merits briefs, which "allowed Turner's appeal to remain on the docket for nearly

---

[1] Ms. Wilson's appointment was apparently necessitated by the suspension of the petitioner's first post-conviction attorney. (*See* Doc. No. 11 at 4.)

eleven years without meaningful attention"); *Workman*, 957 F.2d at 1344 (post-conviction petition remained on docket for more than three years, with only "turnover of judges and dispersement of caseloads" as reasons for delay). Therefore, the court at this time does not find that "circumstances exist that render [the state court] process ineffective to protect the rights" of the petitioner. 28 U.S.C. § 2254(b)(1)(B)(ii). He must exhaust those state post-conviction remedies before this court can consider his habeas corpus petition.

### III. Conclusion

In light of the foregoing, the respondent's Motion to Dismiss (Doc. No. 6) is **GRANTED**, and the petition is **DISMISSED without prejudice** pending the exhaustion of all available state court remedies.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge